IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY

| DANNY L. BLACKMON, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Petitioner, | |
| v. | Civil Action<br>No. 18-16275 (JBS) |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

APPEARANCES:

Danny Blackmon, Petitioner pro se
# 21490-056
Fort Dix 5702
Federal Correctional Institution
Inmate Mail/Parcels
EAST: P.O. BOX 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

## I.   INTRODUCTION

Petitioner Danny L. Blackmon, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry 1]. He has also moved for discovery, [Docket Entry 2], and for the appointment of counsel, [Docket Entry 3]. Petitioner argues there is "newly discovered evidence" that he was mentally incompetent to stand trial. [Docket Entry 1 ¶¶ 2-3]. He states that his subsequent trial and conviction violated his due process rights as a result. [*Id.* ¶ 6].

For the reasons expressed below, the Court will dismiss the petition for lack of jurisdiction and terminate the motions.

**II. BACKGROUND**

On August 13, 2003, a grand jury sitting in the Eastern District of North Carolina issued an indictment against Petitioner charging him with kidnapping his wife from within Camp Lejeune Marine Corps base, 18 U.S.C. § 1201; and four counts of aggravated sexual abuse, 18 U.S.C. § 2241(a)(1). [Docket Entry 1 at 6; Docket Entry 1-1 at 6-8]. In a trial that began on April 5, 2004, Petitioner was convicted of kidnapping and acquitted of the sexual abuse charges at trial. *United States v. Blackmon*, No. 03-cr-00077 (E.D.N.C. Dec. 14, 2004).[1] The district court imposed a 365-month sentence on December 14, 2004. [Judgment of Conviction, *Blackmon*, No. 03-cr-00077 (E.D.N.C. Dec. 14, 2004), Docket Entry 79]. The United States Court of Appeals for the Fourth Circuit upheld his conviction and sentence. [Docket Entry 1 at 7]. *See also United States v. Blackmon*, 209 F. App'x 321, 323 (4th Cir. 2006) (per curiam), *cert. denied*, 549 U.S. 1358 (2007).

---

[1] *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("[J]udicial opinions and docket sheets are public records, of which this court may take judicial notice . . . ."). *See also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (including criminal case dispositions as public records subject to judicial notice), *cert. denied*, 510 U.S. 1042 (1994).

Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on April 24, 2007 in the United States District Court for the Eastern District of North Carolina. [Docket Entry 1 at 7]. *See also Blackmon v. United States*, No. 07-0126 (E.D.N.C. Dec. 28, 2007). The district court denied the motion, and the Fourth Circuit denied a certificate of appealability. [Docket Entry 1 at 7]. *See also United States v. Blackmon*, 275 F. App'x 188 (4th Cir. 2008) (per curiam).

Nine years later, in July 2017, Petitioner filed an institutional remedy within Fort Dix to correct allegedly incorrect information contained within his Public Information Inmate Data. [Docket Entry 1 at 8; Docket Entry 1-1 at 3]. According to Petitioner, the data report referenced a statutory rape charge even though he had never been charged with statutory rape and had been acquitted of all the sexual abuse charges at trial. [Docket Entry 1-1 at 2]. The warden denied Petitioner's request on August 17, 2017, stating:

> A review of your case reveals on December 14, 2004, you were sentenced to a term of 365-months for Kidnaping.[sic] Prior to trial, on October 02, 2003, you were committed to FCC Butner for 30 days to determine if you were mentally competent for trial. One of the charged offenses at that time was Statutory Rape, and that charge was entered under "Offense/Charge" in order to document your designation to the Bureau of Prisons for the 18 U.S.C. § 4241 competency determination. This does not represent a conviction. Because you were solely found guilty and sentenced for Kidnapping, the Public

>Information Inmate Data reflects the conviction of Kidnapping.

[*Id.* at 4]. Petitioner appealed to the BOP Regional Director, M.D. Carvajal. [*Id.* at 9]. Director Carvajal denied the appeal and stated in relevant part:

> In addition, your Public Information Data reflects that on September 24, 2003 the United States District Court for the Eastern District of North Carolina ordered your hospitalization in accordance with 18 U.S.C. §§ 4241 thru 4245, for a competency evaluation. As a result of the subsequent court-ordered evaluations, you were determined to be mentally incompetent to stand trial.

[*Id.* at 9]. Petitioner wrote to the Central Office of the BOP and requested a copy of his court-ordered evaluation. [*Id.* at 10]. The Central Office upheld the denial of Petitioner's request to have his Public Information Inmate Data report changed and told Petitioner to request a copy of his competency evaluation from the district court. [*Id.* at 11].

Petitioner subsequently filed this petition for writ of habeas corpus under § 2241. He asks the Court to provide him with a copy of his competency report and to vacate his conviction. [Docket Entry 1 at 23]. This matter is now ripe for disposition without oral argument. Fed. R. Civ. P. 78(b).

## III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal

pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Petitioner invokes the Court's habeas jurisdiction under 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir.

5

2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). "This exception is narrow and applies in only rare circumstances." *Lewis v. Warden Lewisburg USP*, 741 F. App'x 54, 55 (3d Cir. 2018) (citing *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017)).

Petitioner bases his petition on the "newly discovered evidence" of a report purportedly finding him incompetent to stand trial. Petitioner does not have this report in hand; it was alluded to by Director Carvajal in his denial of Petitioner's appeal.[2] [Docket Entry 1-1 at 9]. Petitioner does not argue that § 2255 is ineffective or inadequate in and of itself, only that the integrity of his prior post-conviction motions were "tainted." [Docket Entry 1 at 14]. He alleges Dr.

---

[2] Petitioner indicates that he was aware of a previous report by Dr. Kevin McBride declaring him competent to stand trial. [Docket Entry 1 at 6]. The petition indicates the report was attached as "Exhibit A," [*id.* at 8], but no such exhibit was included. Petitioner's criminal docket indicates the trial court received Dr. McBride's report on January 15, 2004. *United States v. Blackmon*, No. 03-cr-00077.

6

McBride did not properly conduct the evaluation, that the trial court did not conduct the required post-evaluation evidentiary hearing, and that trial counsel was ineffective for failing to consult an independent forensic psychiatrist. [*Id.* at 15-18]. These claims do not fit within the narrow exceptions to § 2255(e) as defined by the Third Circuit.

Second or successive habeas petitions based on "newly discovered evidence" are governed by § 2255(h), which provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense....

28 U.S.C. § 2255(h). Congress intended for federal prisoners who sought to challenge their federal sentences a second time on the basis any newly discovered evidence, which by definition was not available to them when their first § 2255 petition was adjudicated, to follow the procedures set forth in § 2255(h)(1). These procedures require advance permission from the relevant Court of Appeals, here the Fourth Circuit, before filing in the sentencing court. *See* 28 U.S.C. § 2244(b)(2). The Court lacks jurisdiction over the petition under § 2241 because § 2255(h) and § 2244 govern these types of claims. In other words, this

Court lacks jurisdiction to determine whether Petitioner's discovery of the existence of a Bureau of Prisons evaluation finding him to be incompetent to stand trial, coupled with his assertion that the trial court never held a hearing before trial to determine his competency,[3] states a good ground to permit filing of a successive § 2255 petition pursuant to § 2255(h)(1). This Court finds that that authority is vested in the Fourth Circuit.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court declines to transfer this petition to the Fourth Circuit because a review of Petitioner's criminal case indicates that he is currently litigating the same claims before the sentencing court. [*See* Motion requesting exculpatory medical, and case file documentation *United States v. Blackmon*, No. 03-cr-00077 (E.D.N.C. filed Mar. 18, 2019), Docket Entry 207]. Nothing in

---

[3] Petitioner's criminal docket indicates a competency hearing was scheduled for March 29, 2004, but it is not clear whether the hearing actually took place. [Order, *United States v. Blackmon*, No. 03-cr-00077 (E.D.N.C. Feb. 13, 2004), Docket Entry 25]. Petitioner states in his petition that the trial court made findings that he was competent to proceed but does not indicate when these findings occurred. [Docket Entry 1 at 15].

this opinion, however, should be construed as prohibiting Petitioner himself from seeking the Fourth Circuit's permission to file on his own under § 2255(h)(1) should he so choose.

Since the Court does not have jurisdiction over the petition, the Court cannot reach the merits of Petitioner's motions and will dismiss them.

## V. CONCLUSION

For the reasons stated above, the petition and motions are dismissed for lack of jurisdiction. The dismissal is without prejudice to Petitioner's right to seek leave of the U.S. Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2255(h)(1).[4] An accompanying Order will be entered.

| | |
|---|---|
| **April 11, 2019** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |

---

[4] The Court also directs the Clerk of the Court to forward a copy of this Opinion and Order to the Clerk of the U.S. District Court for the Eastern District of North Carolina to be associated with the docket in *United States v. Blackmon*, No. 03-cr-00077, for informational purposes of the presiding judicial officer.